UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-20175-KMW

**UNITED STATES OF AMERICA**

vs.

**DANIEL ALBERTO CARPMAN,**

    **Defendant**.

_____/

## UNITED STATES' FIRST RESPONSE TO THE STANDING DISCOVERY ORDER

On April 25, 2023, a federal grand jury returned an indictment against Daniel Alberto Carpman (the "Defendant"). Dkt. No. 3. The indictment charges the Defendant with conspiracy to distribute a controlled substance (Count 1) and distributing a controlled substance (Counts 2-5). The Defendant was arrested on April 28, 2023.

On May 3, 2023, United States Magistrate Judge Melissa Damian arraigned the Defendant and entered the Standing Discovery Order. Dkt. No. 10. In response, the United States hereby files its First Response to the Standing Discovery Order, which complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

Rule 88.10(a): The United States has produced or is otherwise making available to the Defendant for inspection and copying all reports of law enforcement agents memorializing known oral statements made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a government agent.

      The United States has produced or is otherwise making available to the Defendant for inspection and copying all known written and recorded statements made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a government agent.

1

The United States has produced or is otherwise making available to the Defendant for inspection and copying all known written and recorded statements made by the Defendant in connection with this matter.

The Defendant has not testified before a grand jury in connection with the charged offenses.

The United States has produced a copy of the Defendant's criminal history to the Defendant.

The United States has produced or is otherwise making available to the Defendant for inspection and copying all books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which are material to the preparation of the Defendant's defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the Defendant. Specifically, they can be inspected at a facility operated by the United States Attorney's Office for the Southern District of Florida in Miramar, Florida. Please contact FBI Special Agent Matthew Lane to arrange a date and time for review that is convenient for both parties; his contact information is available upon request.

Please be aware that these records and documents (including, but not limited to, patient files and bank and financial records) contain confidential information concerning individuals who are not parties to the above-referenced case, including what purports to be social security numbers, and individually identifiable health, medical, and financial information.

The documents made available pursuant to this discovery response are not necessarily copies of all the books, papers, documents, etc. that the United States may introduce at trial.

There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

Rule 88.10(b):   **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests that the Defendant comply with the obligations that arise under Federal Rule of Criminal Procedure 16(b)(1)(A) and (b)(1)(B) and Local Rule 88.10(b) and hereby requests reciprocal discovery under these rules.

Rule 88.10(c):   The United States will disclose any information or material which may be favorable to the Defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 383 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

Rule 88.10(d): The United States shall disclose to the defense the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of *Giglio v. United States*, 406 U.S. 150 (1972) and *Napue v. Illinois*, 260 U.S. 264 (1959).

Rule 88.10(e): The United States will disclose any prior convictions of any alleged informant or witness who will testify for the United States at trial.

Rule 88.10(f): The United States will make available to the defense for inspection at a mutually convenient time at the facility identified above any photo array or similar identification proceedings in connection with the charged offenses.

Rule 88.10(g): The United States has advised its agents and officers involved in this case to preserve all rough notes.

Rule 88.10(h): The United States shall timely advise the defense of its intention, if any, to introduce extrinsic act evidence pursuant to Rule 404(b), Federal Rules of Evidence. The defense is hereby on notice that all evidence made available for inspection or statements disclosed herein or in any future discovery letter, may be offered in the trial of this case, under Rule 404(b) or otherwise (including the inextricably-intertwined doctrine).

Rule 88.10(i): The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11) of any electronic surveillance.

Rule 88.10(j): The United States has, or is in the process of having, transcribed the grand jury testimony of all witnesses who will testify for the United States at trial.

Rule 88.10(k): The United States will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823 and Title 21, Code of Federal Regulations 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

Rule 88.10(l): The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession.

Rule 88.10(m): The United States is unaware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the Defendant.

3

Rule 88.10(n):   The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

Rule 88.10(o):   The United States will comport with the schedule of discovery as outlined in Paragraph O of Local Rule 88.10.

The United States is aware of its continuing duty to disclose newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to ensure a fair trial.

In addition to the request made above by the United States pursuant to Section B of Local Rule 88.10 and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands notice of any alibi defense; the approximate time, date, and place of the offense is listed in the charging instrument.

**DATED**: May 17, 2023

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY
        SOUTHERN DISTRICT OF FLORIDA

        GLENN S. LEON, CHIEF
        CRIMINAL DIVISION, FRAUD SECTION
        U.S. DEPARTMENT OF JUSTICE

By:   */s/ Alexander Thor Pogozelski*
      Alexander Thor Pogozelski
      Florida Special Bar No. A5502549
      Trial Attorney
      United States Department of Justice
      Criminal Division, Fraud Section
      1400 New York Avenue, N.W.
      Washington, D.C. 20005
      Tel: (202) 510-2208
      Email: alexander.pogozelski@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                         By:    */s/ Alexander Thor Pogozelski*
                                   Alexander Pogozelski
                                   Trial Attorney
                                   United States Department of Justice