UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20175-CR-DAMIAN

UNITED STATES OF AMERICA

v.

DANIEL ALBERTO CARPMAN,

    Defendant.
_____/

## UNITED STATES' MOTION IN LIMINE

The United States moves *in limine* to exclude certain forms of irrelevant evidence and preclude other kinds of improper argument. Specifically, this Court should exclude any self-serving hearsay by defendant Daniel Carpman following his arrest in the instant case. In support thereof, the United States avers as follows:

## FACTUAL BACKGROUND

On April 25, 2023, a federal grand jury indicted defendant Daniel Carpman charging him with conspiracy to dispense and distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 1), and four counts of dispensing and distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 2-5).

On April 28, 2023, agents with the Federal Bureau of Investigation arrested defendant. Special Agent Matthew Lane informed defendant that agents had seized his cellular telephone that was in his possession at the time of arrest. Defendant stated that "I have nothing to hide." Subsequently defendant executed a consent to search the telephone and provided the password to unlock his device.

Thereupon, agents transported defendant to the United States Marshals for processing.

1

During his transportation, defendant voluntarily stated that he should probably not be talking without a lawyer but that the FBI did not have any proof of the alleged crimes, and that he did nothing wrong. He added that he had sold his medical practice and was no longer associated with it. He further stated that he never prescribed to anyone, not even an undercover without a reason. He concluded that he can't help it if they (his patients) sold the pills in the lobby. He further commented that "they" tried to fire him while he was in New York because he was with the patients too much.  He concluded by stating that his father was a doctor.

## ARGUMENT

The United States seeks a pre-trial ruling excluding the self-serving hearsay described above. In support, it is without cavil that defendant should not be allowed to introduce any of his own out-of-court statements through other witnesses or during cross-examination of the government's witnesses. In contrast, the United States, as the party opponent, may introduce defendant's prior statements as non-hearsay statements of a party opponent. FED. R. EVID. 802(c)(2)(A).  However, defendant may not introduce his own statements independently—or even the remainder of a statement—unless the remainder gives the jury a "complete understanding of the 'total tenor and effect of the utterance.'"  *United States v. Santos*, 947 F.3d 711, 729 (11th Cir. 2020) (citing *Beech Aircraft Crop. v. Rainey*, 488 U.S. 153 (1988)).

The Eleventh Circuit has consistently rejected a defendant's efforts to offer his or her own self-serving, exculpatory statements through the testimony of other witnesses. *See United States v. Cunnigham*, 194 F.3d 1186, 199-1200 (11th Cir. 1999); *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985); *United States v. Sanders*, 639 F.2d 268, 270 (11th Cir. 1981). Further, a defendant may not introduce self-serving hearsay statements under Fed. R. Evid. 801(d)(2) because defendants are not party opponents to themselves. "[I]f such statements were deemed

admissible ..., parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *See United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005).

As applied here, this Court should prevent defendant from eliciting through cross examination of prosecution witnesses the substance of *his* own statements—and, indeed, about whether he made a statement at all (unless previously referenced or elicited by the United States).

Pursuant to Local Rule 88.9(a) of the U.S. District Court for the Southern District of Florida, the undersigned counsel represents that he attempted to confer with counsel for defendant but was unable to ascertain their position with respect to the relief sought herein.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the United States requests that this Court grant the government's motion *in limine*.

Respectfully submitted,
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: /s/ Christopher J. Clark
CHRISTOPHER J. CLARK
Florida Bar No.0588040
ALEXANDER T. POGOZELSKI
Florida Special Bar No. A5502549
99 Northeast 4th Street
ASSISTANT UNITED STATES ATTORNEYS
Miami, Florida 33132-2111
Tel: (305) 961-9167 (Clark)
Tel: (786) 649-5251 (Pogozelski)
Christopher.Clark@usdoj.gov
Alexander.Pogozelski@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    /s/Christopher J. Clark
    CHRISTOPHER J. CLARK
    ASSISTANT U.S. ATTORNEY